# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Joan Jost and Douglas Jost,<br><br>Plaintiffs,<br><br>vs.<br><br>Portfolio Recovery Associates, LLC.<br><br>Defendant. | COURT FILE NO.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## I. JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d), 15 U.S.C. § 1681 et seq. and 28 U.S.C. § 1367 for pendent state law claims.

## II. PARTIES

2. Plaintiff Joan Jost is a natural person who resides in the City of Centerville, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

3. Plaintiff Douglas Jost is a natural person who resides in the City of Centerville, State of Minnesota, is the husband of Plaintiff Joan Jost, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4. Defendant Portfolio Recovery Associates, LLC (hereinafter "Portfolio Recovery"), is a foreign corporation operating a debt collection agency from an address of 120 Corporate Boulevard, Norfolk, Virginia 23502, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

### III. FACTUAL ALLEGATIONS

5. Sometime prior to 1990, Plaintiff Joan Jost incurred an alleged financial obligation with Prudential Bank Visa Credit Card Account numbered xxxx-xxxx-xxxx-0368 (hereinafter "Account"), Prudential Bank is a "creditor", as that term is defined by 15 U.S.C. § 1692a(4).

6. The alleged obligation was primarily for personal, family or household purposes, which is an alleged "debt" as that term is defined by 15 U.S.C § 1692a(5), namely a consumer debt.

7. Plaintiffs filed for bankruptcy protection on November 16, 1990, listing the Account on Schedule A-3.  See Exhibit 1.

8. The Account was not excepted from the bankruptcy discharge, and the Bankruptcy Court ordered the Account discharged on March 19, 1991.  See Exhibit 2.

9. Defendant Portfolio Recovery alleged acquired the Account on or about May 13, 2002 and began a poorly executed collection campaign.

10. On or about January 28, 2008 Defendant's representatives Troy Graebner and Lynn Burnett telephoned Plaintiffs, in the course of that call Plaintiffs attempted to determine what account Defendant was trying to collect, when Defendant provided the alleged date the account was opened, Plaintiffs informed them that the Account had been discharged in their bankruptcy in 1991.

11. On or about May 20, 2009 Defendant called Plaintiffs, Plaintiffs told Defendant to contact their attorney Robert Winzenburg in Mankato, Minnesota.

12. On October 9, 2009, Defendant's collection representative Gary McVey telephoned Plaintiff's and spoke with Douglas Jost, Mr. McVey demanded payment of $3,433.94 and indicated that the Account was accruing interest at the rate of 6% annually; Mr. Jost again informed Defendant that the account was discharged in bankruptcy.

13. Plaintiff's bankruptcy attorney, Robert J. Winzenburg, sent a letter to Portfolio Recovery on September 21, 2010, notifying Defendant that Joan Jost had filed bankruptcy in 1990, that the Account was listed in the bankruptcy, that the debt was discharged, and warning Defendant that it was violating federal law by contacting Ms. Jost with regard to the Account.  See Exhibit 3.

14. Defendant Portfolio Recovery continued to contact Plaintiffs, leaving a telephone message on September 29, 2010 at 10:23 a.m. asking that Plaintiff call them back at (866) 909-0529, this message did not identify the caller as a debt collector, or identify the purpose of the call.

15. Defendant called Plaintiffs on September 24, 2010, twice on September 27, 2010, September 30, 2010, twice on October 4, 2010, October 6, 2010, October 19, 2010, and October 21, 2010

16. Defendant's representative Donna Williams called Plaintiffs' residence and spoke with Douglas Jost on March 23, 2011; Mr. Jost again informed Defendant that the Account had been discharged in bankruptcy.

17. Defendant called and spoke with Douglas Jost on March 31, 2011 at 12:13 p.m. Defendant's representative "Leileni" asked when Plaintiff was going to pay the

balance due of $3,801.76, stated that Defendant would close the account if Plaintiff's paid one half of the balance due or $1,910.88, Defendant's representative stated that Defendant's records indicated Defendant had spoken with Douglas Jost on October 9, 2008, May 20, 2009, June 8, 2010 and October 21, 2010, Defendant's representative also claimed that it had no record of the bankruptcy filing.

18. Defendant's telephone calls beginning on September 29, 2010 violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq.

19. As the result of Defendant's repeated violations of the FDCPA, Plaintiffs have suffered anxiety, fear, embarrassment, frustration, helplessness, exasperation, anger and other negative emotions, as well as loss of sleep and wasted time in dealing with this unlawful collection campaign.

## IV. TRIAL BY JURY

20. That Plaintiff is entitled to and hereby respectfully requests a trial by jury. US Const. amend. 7. Fed. R. Civ. Pro. 38.

## V.  CLAIMS

### COUNT I.

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. §1692 et seq**

21. Plaintiffs incorporate by reference paragraphs 1 through 20 as though fully stated herein.

22. Defendant's foregoing acts in attempting to collect this alleged debt against Plaintiffs constitute violations of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(a)(2), 1692d, 1692e, 1692e(2)(A), 1692e(5), 1692e(10), and 1692f.

23. Plaintiffs have been harmed by these violations by Defendant and Plaintiffs are entitled to statutory damages, actual damages, and her attorneys fees and costs pursuant 15 U.S.C. § 1692k(a).

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

24. Plaintiffs incorporate by reference paragraphs 1 through 23 as though fully stated herein

25. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion, or private concerns or affairs of the Plaintiffs.

26. Plaintiffs had a reasonable expectation of privacy in their solitude, seclusion, or private concerns or affairs.

27. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

28. Plaintiffs have been seriously damaged as a result and are entitled to damages, costs and attorneys fees.

## COUNT III.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

29. Plaintiffs incorporate by reference paragraphs 1 through 28 as though fully stated herein.

30. Defendants forgoing acts were outrageous and, upon information and belief, were calculated and intended to cause Plaintiffs emotional distress in order coerce payment of a debt that had been discharged in bankruptcy nineteen years earlier.

31. Plaintiffs have been seriously harmed by Defendants actions and Plaintiffs are entitled to damages, costs and attorneys fees.

## COUNT IV.

## NEGLIGENCE

28. Plaintiffs incorporate by reference paragraphs 1 through 31 as though fully stated herein.

29. Defendant owed a duty to Plaintiffs to inquire into the legal status of the Account after being informed the Account was discharged in bankruptcy.

30. Defendant owed a duty to Plaintiff's to maintain records in a manner that would prevent repeated telephone contacts after Defendant was informed that the account was discharged in bankruptcy.

30. Defendant breached its duty to Plaintiffs by failing to take reasonable steps to prevent harassment by Defendant's agents attempting to collect a debt that had been discharged in bankruptcy twenty years ago.

31. Plaintiffs have been seriously damaged as a result and are entitled to damages, costs and attorneys fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment as follows:

### COUNT I

- for an award of statutory damages of $1,000.00 per violation of the **FDCPA** pursuant to 15 U.S.C. §1692k, against each and every Defendant herein;

- for an award of actual damages, costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k against each and every Defendant herein;

### COUNT II

- for an award of actual and compensatory damages for **Invasion Of Privacy By Intrusion Upon Seclusion**, in a reasonable amount in excess of $50,000.00, against Defendant;

### COUNT III

- for an award of actual and compensatory damages for **Intentional Infliction of Emotional Distress,** in a reasonable amount in excess of $50,000.00, against Defendant;

### COUNT IV

- for actual and compensatory damages for **Negligence** in a reasonable amount in excess of $50,000.00, against all Defendants;

## SUCH OTHER RELIEF

- for Plaintiff to be awarded **Costs Of Litigation And Attorneys' Fees** against each and every Defendant under each of the allegations herein;

- for **Such Other And Further Relief** as may be just and proper.

Dated this Seventh day of April, 2011.

                Respectfully submitted,

                WEIG LAW FIRM, LLC


        By:   s/Paul H. Weig
                Paul H Weig
                Attorney for Plaintiff
                Attorney I.D. No.:0288792
                3101 Irving Avenue South
                Minneapolis, Minnesota 55408
                Telephone: 612-501-4841